# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
    Plaintiff,
v.                                         Criminal Action No. 1:06CR6

FREDERICK D. TAYLOR,
    Defendant.

## ORDER/OPINION

On the 15th day of March, 2006, came the Defendant, Frederick D. Taylor in person and by his attorney, Pamela R. Folickman, and came the United States of America and Thomas Johnston, United States Attorney for the Northern District of West Virginia, by David Godwin, Assistant United States Attorney, for hearing on Defendant's "Motion for Review from the Detention Order" filed with the Court on March 7, 2006 [Docket Entry 18].

The United States filed its original Motion for Detention Hearing asserting the case was eligible for detention because it involved a 10+ year drug offense and a serious risk Defendant would flee. The United States asserted the rebuttable presumption under Section 3142(e), based on probable cause to believe Defendant committed a 10+ year drug offense. In addition, the United States asserted that Defendant had been previously convicted in the Northern District of West Virginia of distribution within 1000 feet of a school . Finally, the United States asserted that, upon his arrest on the current charges, Defendant was carrying approximately nine grams of crack cocaine. The Adult Pretrial Services Officer submitted a Pretrial Services Report to the Court at the time of the original detention hearing, indicating that Defendant had pled guilty in November 1994, in the United States District Court for the Northern District of West Virginia in Clarksburg, of Distribution of Cocaine Base within 1,000 feet of a School. Defendant's bond was revoked at his plea hearing on that charge due to three positive drug tests. After serving part of his sentence on that

conviction, Defendant was transferred to Bannum Community Correctional Center. He was terminated from community confinement two months later due to two positive drug tests. After his release from custody, Defendant's sentence was modified to include 120 days at Bannum due to two positive drug tests, and he was placed at Bannum on October 17, 2000. Two months later, Defendant's supervised release was revoked due to positive drug tests. He was sentenced to six months custody with no supervision to follow. Defendant was released from custody on July 6, 2001.

Count I of the current three-count Indictment charges Defendant with Distribution of Crack Cocaine Within 1000 Feet of a school in October 2003. Count II charges Defendant with Distribution of Crack Cocaine Within 1000 Feet of a School in July 2005. Count III charges Defendant with Distribution of Crack Cocaine in September 2005.

The evidence Defendant offered to rebut the presumption at his detention hearing was that he could live with his mother, who would post bond; that he cared for his mother, who had a heart condition; that he himself had a heart condition, with only 15% of heart function; that he was on SSI; that he had close family ties in the area; that he was discharged from the hospital on January 13th for chest pains; that he was prescribed certain medications for his heart condition and high blood pressure; that he was to follow up with his doctor regarding spots on his chest that might be cancerous; that he had always appeared for Court proceedings; that he was going to cooperate with the Government; and that he had assured his counsel he would not use illegal drugs if released.

The Court at that time ruled that Defendant had not rebutted the presumption that there was no condition or set of conditions that would assure the safety of the community if he were released on bond. The Court noted Defendant's prior felony conviction for distribution within 1000 feet of

a school; the revocation of his pretrial release in that case, then revocation of his supervised release due to drug use; and the three counts against him in the current case, including two counts of distribution within 1000 feet of a school. The Court also noted that one of the current three counts involves distribution of crack cocaine less than four months before Defendant's arrest and hospitalization.

Title 18, United States Code § 3142 (f)(1) provides, in pertinent part:

> The [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial <u>if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community</u>.

(Emphasis added). Defendant's Motion for Review consists generally of the same arguments he made at the detention hearing. The undersigned finds Defendant makes the following new arguments:

1) Defendant claims he has not been provided the medications prescribed by the hospital on January 13, 2006, and has only been given one blood pressure medication daily;

2) Denial of the medications prescribed in January 2006, resulted in his having chest pains and his transportation to the hospital on February 27, 2006, where he was treated in the Cardiac Care Unit and released two days later; and

3) ". . . . Defendant['] s mother is need of her new furnace installed for which the Defendant would be able to direct the labors and thus eliminating the cost for certified furnace installers." [sic]

Significantly, although the United States moved for detention, asserted the rebuttable presumption, and resisted Defendant's arguments for release at the original detention hearing, at this second hearing, the AUSA appearing stated the United States had no objection to Defendant being

3

released on strict conditions including electronic monitoring and drug testing to be performed at the discretion of the United States Adult Pretrial Services Office.

The undersigned finds that, although Defendant did not produce new evidence relevant to the issues of detention, his circumstances, especially his health, appear to have deteriorated since the time of the first detention hearing. Additionally, the undersigned notes the United States does not object to Defendant's release. The undersigned finds there are strict conditions of release that will reasonably assure the Defendant's appearance as required and the safety of any other person and the community.

Defendant's Motion for Review from the Detention Order [Docket Entry 18] is therefore **GRANTED**. Defendant is released pursuant to the conditions states in the Order Setting Conditions of Pretrial Release entered this same date.

The Clerk of the Court is directed to send an authenticated copy of this Order to counsel of record.

Respectfully submitted this 17 day of March, 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE