## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

    **v.**                            **Criminal Action No. 1:06CR6**

**FREDERICK D. TAYLOR,**

       **Defendant.**

## REPORT AND RECOMMENDATION/OPINION

On the 15th day of March, 2006, came the United States of America and Thomas Johnston, United States Attorney for the Northern District of West Virginia, by David Godwin, Assistant United States Attorney, and also came the Defendant, Frederick D. Taylor in person and by his attorney, Pamela R. Folickman.

Counsel for Defendant advised the Court that Defendant would enter a plea of Guilty to Count Three of the Indictment.

Counsel for the government advised the Court that the agreement to plead guilty in this case had been reduced to a written plea agreement which the Court had counsel for the Government summarize for the Court in the presence of Defendant. Counsel for Defendant then stated that the summarization of the written plea agreement was correct.

Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath, and thereafter inquiring of Defendant's counsel as to Defendant's understanding of his right to have an Article III Judge hear his plea and his willingness to waive that right, and instead have a Magistrate Judge hear his plea. Thereupon, the Court inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his

understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Frederick D. Taylor, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court.

The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned then reviewed with Defendant Count Three of the Indictment, the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count Three of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him and understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a minimum term of one (1) year and a maximum term of forty (40) years; understood the maximum fine that could be imposed was $2,000,000.00; understood that both fine and imprisonment could be imposed; understood he would be subject to a period of six (6) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release. Defendant also acknowledged that any determination of sentence by the Court might be impacted by U.S.S.G. §4B1.1, "Career Offender" status, if applicable.

The undersigned Magistrate Judge inquired of the parties and was informed that, although not expressed in the written plea agreement, the parties understood that at the time of sentencing the United States would move to dismiss the remaining three counts of the Indictment. In addition, the United States would not prosecute unindicted controlled buys allegedly made by Defendant.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement dated February 6, 2006, and signed by him on February 6, 2006, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Three of the Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations and stipulation contained in the written agreement and could reject them and proceed to sentence the Defendant to a sentence that may be more harsh than the Defendant expected all without the Defendant having a right to withdraw his plea of guilty.

The undersigned Magistrate Judge further addressed the stipulation contained in the written plea bargain agreement, which provides:

Pursuant to Sections 6B1.4, 1B1.3, and 2D1.1 [Application Note12], the parties stipulate and agree that the total drug relevant conduct of Defendant is between five

4

(5) and twenty (20) grams of cocaine base, also known as crack, and is premised on the amount seized at the time of arrest and the amount purchased in seven controlled buys (four of which are contained in the Indictment). The parties further stipulate that a one-level increase pursuant to Guideline 2D1.2(a)(2) is applicable in this case because the offense occurred near a protected location. No further agreements or stipulations have been reached as to any other relevant conduct or specific offense characteristics, and the parties agree that all other sentencing determinations will be resolved by the Court. Defendant further understands that pursuant to U.S.S.G. § 6B1.4(d), the Court is not bound by these stipulations and is not required to accept same and understands and agrees that should the Court not accept the above stipulation, Defendant will have no right to withdraw his plea.

The undersigned then questioned Defendant, counsel for Defendant, and counsel for United States, and determined that they fully understood the Court is not bound by the above stipulation and is not required to accept the above stipulation, and should the Court not accept the above stipulation, Defendant would not have the right to withdraw his plea of Guilty to Count Three of the Indictment.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Court Judge rejected Defendant's plea of guilty, Defendant would be permitted to withdraw his plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted his plea of guilty to the felony charge contained in Count Three of the Indictment, Defendant would not be permitted to withdraw his guilty plea even if the Judge refused to follow the non-binding recommendations and stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

The undersigned Magistrate Judge further examined Defendant with regard to his understanding of the impact of his waiver of his direct and collateral appeal rights as contained in

the written plea agreement, and determined he understood those rights and voluntarily gave them up as part of the written plea agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11 including but not limited to his discussion of how uniform sentencing guidelines may impact sentencing in his case and how his sentence may be impacted by career criminal status. The Defendant testified that he and his counsel and or attorney David Anderson discussed the guidelines and the possible application of career offender status on him and that he understood both and how severe a term of imprisonment he could be facing.

The undersigned then reviewed with Defendant Count Three of the Indictment, including the elements the United States would have to prove at trial, charging him with Distribution of Crack Cocaine within 1000 feet of a playground, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 860.

The Court then received the sworn testimony of Raymond Fluharty and Defendant's under-oath allocution to or statement of why he believed he was guilty of the charge contained in Count Three of the Indictment.

Officer Fluharty testified he is a Police Detective with the City of Fairmont, West Virginia, assigned to the Three Rivers Drug Task Force. He was involved in the investigation of Defendant's case. On September 13, 2005, a confidential informant ("CI") contacted Defendant. Defendant told the CI to meet him at the corner of Fourth and Walnut Streets. The CI met Defendant at that location. The CI got out of his car and walked over to Defendant. He gave money to Defendant and Defendant gave him crack cocaine. The transaction was recorded by both audio and video methods. The drugs were sent to the laboratory and confirmed to be 1.3 grams of cocaine base. The

transaction took place within 1000 feet of the 5th Street Playground, according to the Fairmont City Engineer. The playground contains three or more apparatus– swing sets and slides– as well as a basketball court and park. The transaction took place within the Northern District of West Virginia.

Defendant testified that he was guilty of the offense charged in Count Three of the indictment because he did make a sale of crack cocaine on that date. He believed the amount was approximately 1.3 grams. He lived in Fairmont, and was aware that the Fifth Street Park was there.

From the testimony of Officer Fluharty, the undersigned Magistrate Judge concludes the offense charged in Count Three of the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense. This conclusion is supported by Defendant's allocution.

Thereupon, Defendant, Frederick D. Taylor, with the consent of his counsel, Pamela R. Folickman, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count Three of the Indictment.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant's guilty plea is knowledgeable and voluntary as to the charge contained in Count Three of the Indictment.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to the felony charge contained Count Three of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charge as contained in Count Three of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert</u>. <u>denied</u>, 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send an authenticated copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 17day of March, 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE